**Sze Bao SO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6545–AG.**

United States Court of Appeals, Second Circuit.

March 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

---

Michael Brown, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney; Nelson Pérez–Sosa, Assistant United States Attorney, Senior Appellate Attorney; Germán A. Rieckehoff, Assistant United States Attorney, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Sze Bao So, through counsel, petitions for review of the BIA order denying his motion to reopen the BIA's December 2004 decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (citation omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA properly concluded that the evidence submitted by So pertaining to his wife's sterilization, a statement detailing his wife's forced sterilization and her October 2001 medical records, could have been discovered prior to, and presented at, So's 2002 merits hearing. Additionally, the BIA properly indicated that So's wife's statement regarding her public denunciation of the family planning officials, and the potential consequences to So, was not sufficiently reliable to be credited, given the adverse credibility finding regarding the coercive nature of the sterilization.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).